**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
Case No. 8:26-cv-01814-MSS-AAS

DYAN LANE,

     Plaintiff,

v.

INSPIRED TITLE SERVICES, LLC,

     Defendant.

_____/

## <u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, DYAN LANE ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(1), files this Amended Complaint against Defendant, INSPIRED TITLE SERVICES, LLC ("Defendant" or "Inspired Title"), for violations of the Americans with Disabilities Act and the Florida Civil Rights Act. Plaintiff alleges that Defendant discriminated against her based on her disability and/or perceived disability, subjected her to different terms and conditions of employment, denied her equal employment opportunities, subjected her to a hostile work environment, and retaliated against her for engaging in protected activity. In support, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages arising out of unlawful employment practices.

2. This Court has original jurisdiction over Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., pursuant to 28 U.S.C. § 1331, because those claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

3. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), the agency responsible for investigating claims of employment discrimination.

4. Plaintiff received a Notice of Right to Sue and has satisfied all conditions precedent to filing this action.

5. All conditions precedent to the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

6. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hillsborough County, Florida, which is within the Tampa Division of the Middle District of Florida, and because Defendant conducts business in this District.

## GENERAL ALLEGATIONS

7. Plaintiff was and continues to be a resident of Marion County, Florida, and was an employee of Defendant, performing duties for Defendant within a company-operated business facility located in Tampa, Florida.

8. Defendant is a for-profit business entity duly authorized to conduct business in the State of Florida.

9. Defendant is an "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. ("FCRA"), because it employs fifteen or more employees for the applicable statutory period and is subject to the employment discrimination provisions of the FCRA.

10. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

11. Plaintiff seeks monetary relief to redress Defendant's unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Florida Civil Rights Act of 1992, Fla.

3

Stat. Section 760.01, et seq. Additionally, this action seeks to redress Defendant's deprivation of Plaintiff's personal dignity and Plaintiff's civil right to pursue equal employment opportunities.

## FACTUAL ALLEGATIONS

12. Plaintiff was discriminated against by Defendant based on her disability and/or perceived disability.

13. Plaintiff is a female and began working for Defendant on or about February 20, 2024, as a Senior Escrow Processor.

14. Shortly after her employment began, Defendant promoted Plaintiff to Senior Escrow Officer. Although Defendant promoted Plaintiff to that position, Defendant did not allow her to perform the full duties and responsibilities of the Senior Escrow Officer role and continued requiring her to perform processor-level duties.

15. Throughout her employment, Plaintiff performed the essential functions of her position and remained qualified for her position.

16. During the relevant time period, Defendant subjected Plaintiff to different terms and conditions of employment because of her disability and/or request for reasonable accommodations.

17. In or around October 2024, Plaintiff experienced a medical issue that required her to take leave from work. Defendant and/or its benefits

4

administrator were aware of Plaintiff's medical leave, disability claim, and need for medical documentation related to her condition. After notifying Defendant of her condition, Plaintiff provided medical documentation and requested reasonable accommodations.

18. Defendant acknowledged that Plaintiff may need an accommodation, required additional accommodation paperwork, and advised Plaintiff that she could not return to work until her ADA accommodation request was reviewed. Defendant was aware of Plaintiff's medical restrictions and approved accommodations, including remote work.

19. After Plaintiff requested and received accommodations, Defendant subjected her to heightened scrutiny, harsher criticism, unclear and inconsistent performance expectations, and a Performance Improvement Plan.

20. Defendant also allowed other employees to scrutinize Plaintiff's work in an apparent effort to label her as unqualified and remove her from her accommodations.

21. Defendant denied Plaintiff equal opportunities for advancement by limiting her ability to perform and demonstrate the full responsibilities of the Senior Escrow Officer position.

5

22. Plaintiff requested a transfer to a different location to alleviate the hostile work environment, but Defendant denied her request despite available openings.

23. While employed with Defendant, Plaintiff was a victim of blatant, willful, and unlawful discrimination based upon her disability. Defendant also retaliated against Plaintiff for exercising her legal rights and requesting reasonable accommodations.

24. Plaintiff followed Defendant's procedures for reporting discrimination, harassment, retaliation, and/or the hostile work environment. Despite Plaintiff's complaints, Defendant failed to conduct a prompt and meaningful investigation into the serious issues raised or take corrective and/or remedial action.

25. Among other things, Defendant's conduct was motivated by Plaintiff's refusal to remain silent about discriminatory treatment, heightened scrutiny, retaliation, and the hostile work environment she experienced after requesting accommodations.

26. Defendant subjected Plaintiff to increased scrutiny, unfair criticism, and different treatment after she requested and received accommodations. Defendant also failed to hold its own employees and management accountable for discriminatory and retaliatory conduct.

27. Plaintiff believed Defendant was committed to ensuring a respectful workplace for all employees. She reported the illegal employer transgressions to various leadership members of Defendant with the expectation that Human Resources would investigate her complaints and take appropriate remedial action.

28. Instead of taking appropriate action, Defendant allowed the discriminatory and retaliatory conduct to continue.

29. Plaintiff is informed and believes, and thereon alleges, that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and employers must take all reasonable steps to prevent harassment from occurring.

30. Based on the allegations set forth herein and throughout this Amended Complaint, Defendant knew or should have known of the harassing, discriminatory, and retaliatory conduct directed at Plaintiff.

31. Defendant is responsible for, and liable for, the harassment and hostile work environment created by the harassment and discrimination directed at Plaintiff based on her protected class and protected activity as stated within Plaintiff's Charge of Discrimination filed pre-suit with the Equal Employment Opportunity Commission.

32. Defendant's principal, agent, and/or decisionmaker had knowledge of Plaintiff's disability, accommodation request, protected activity, and complaints.

33. Defendant's adverse employment actions were motivated by Plaintiff's disability, accommodation request, protected activity, and/or complaints regarding discrimination and retaliation.

34. Defendant's discriminatory and retaliatory conduct created working conditions so intolerable that Plaintiff was constructively discharged.

35. As a direct and proximate result of Defendant's unlawful harassment and creation of a hostile work environment, Plaintiff suffered loss of income, stress, severe emotional distress, and other damages in an amount to be proven at trial.

36. Defendant's conduct was severe and pervasive.

37. As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered, and continues to suffer, damages, the exact amount of which will be proven at trial.

38. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, all in an amount according to proof at trial.

## COUNT I
## Disability Discrimination in Violation of the ADA and ADAAA
## (Against Defendant Inspired Title Services, LLC)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

40. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant with or without a reasonable work accommodation.

41. At the relevant times of this action, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities, as related in part above, and is thus a member of a class of persons protected against discrimination in their employment under the ADA and ADAAA.

42. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's disability and/or perceived disability and subjected Plaintiff to animosity based on her disability and/or perceived disability.

43. Such discrimination was based upon Plaintiff's disability and/or perceived disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from, or was regarded

as suffering from, one or more conditions protected under the ADA and ADAAA.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

49. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA and ADAAA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, loss of enjoyment of life, and other forms of emotional distress damages;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.     Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Retaliation in Violation of the ADA and ADAAA
### (Against Defendant Inspired Title Services, LLC)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

52. Defendant is an employer as that term is used under the applicable statutes referenced above.

12

53. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in statutorily protected activity under the ADA and ADAAA.

54. The foregoing unlawful acts by Defendant were purposeful.

55. Plaintiff engaged in statutorily protected activity by requesting reasonable accommodations and by opposing and complaining about disability-based harassment, discrimination, and retaliatory treatment during her employment with Defendant.

56. Plaintiff was the victim of retaliation thereafter, as related in part above.

57. Plaintiff is a member of a protected class because she engaged in statutorily protected activity and was the victim of retaliation thereafter.

58. There is a causal connection between Plaintiff's protected activity and the adverse employment action taken thereafter.

59. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

60. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Declare that the acts complained of herein are in violation of the ADA and ADAAA;

B.   Award Plaintiff compensatory damages for emotional distress, embarrassment, humiliation, and other forms of emotional distress damages;

C.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates and/or retaliates;

D.   Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights;

E.   Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay, and prejudgment interest;

F.   Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

14

G.   Grant such other and further relief as the Court deems just and proper.

**COUNT III**
**Failure to Accommodate in Violation of the ADA and ADAAA**
**(Against Defendant Inspired Title Services, LLC)**

61.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

62.   Defendant is an employer as that term is defined under the applicable statute, the ADA and ADAAA.

63.   Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities. Thus, Plaintiff is a member of a protected class under the ADA and ADAAA.

64.   At all times material hereto, Plaintiff was qualified to perform the essential functions of her position with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined under the ADA and ADAAA.

65.   Plaintiff requested reasonable accommodations due to her disability and/or medical restrictions.

15

66. Plaintiff's requested accommodations, as related in part above, were reasonable and would not have caused Defendant to suffer an undue hardship to its business.

67. Defendant interfered with and/or failed to provide Plaintiff with reasonable accommodations as that term is defined in the ADA and ADAAA.

68. Defendant also failed to reasonably accommodate Plaintiff by denying her request to transfer to a different location to alleviate the hostile work environment, despite available openings.

69. As a direct and proximate result of the foregoing unlawful acts and omissions committed by Defendant, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

70. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

16

A.  Adjudge and decree that Defendant has violated the ADA and ADAAA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Disability Discrimination in Violation of the FCRA

17

**(Against Defendant Inspired Title Services, LLC)**

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

72. Plaintiff is a member of a class of persons protected in her employment against discrimination within the meaning of the FCRA, as she is a former employee of Defendant who suffered from, or was regarded as suffering from, one or more physical or mental health conditions that caused her to experience substantial limitations to her ability to perform one or more major life activities, as related in part above.

73. As a result of Plaintiff's condition(s), Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, as related in part above.

74. At all times material hereto, Plaintiff was qualified for her position with Defendant and could perform the essential functions of her position with or without the use of a reasonable accommodation.

75. Plaintiff was known to have, or was regarded as having, a disability by Defendant and Defendant's managers and/or supervisory personnel, as Plaintiff informed Defendant of her medical condition, restrictions, and need for reasonable accommodations.

18

76. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability or perceived disability and subjected Plaintiff to disability-based animosity.

77. Such discrimination was based upon Plaintiff's disability or perceived disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability or was regarded as having a disability.

78. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

79. At all times material hereto, the employees exhibiting discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

80. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite knowledge of said employees engaging in discriminatory actions.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

82.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under state and federal law.

83.    The actions of Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish Defendant for its actions and to deter it, and others, from engaging in such action in the future.

84.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts

to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**Retaliation in Violation of the FCRA**
**(Against Defendant Inspired Title Services, LLC)**

85. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

86. Defendant is an employer as that term is used under the applicable statutes referenced above.

21

87. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

88. The foregoing unlawful actions by Defendant were done purposefully.

89. Plaintiff voiced her opposition to the unlawful employment practices to which she had been subjected during her employment with Defendant, and she was the victim of retaliation thereafter, as related in part above.

90. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.

91. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

92. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

93. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### Hostile Work Environment in Violation of the FCRA
### (Against Defendant Inspired Title Services, LLC)

94. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein. Plaintiff does not adopt or incorporate the allegations of any other count.

95. Defendant is an employer as that term is used under the applicable statute, the FCRA.

96. Plaintiff is a former employee of Defendant who is a member of one or more protected classes whose rights are protected under the FCRA, as related in part above.

97. During the material times mentioned herein, Plaintiff was repeatedly the recipient of unwelcome harassment, discrimination, and disparate treatment from her managers and/or supervisors, which were either known about, condoned, ratified, or performed by Plaintiff's managers and/or supervisors, as mentioned in part above.

98. The harassment endured by Plaintiff was predicated on Plaintiff's protected class membership and for complaining about discriminatory treatment on account of her protected class membership. Such harassment likely would not have occurred but for Plaintiff's characteristics and status

24

as a member of one or more protected classes under the FCRA, specifically with respect to her disability and/or perceived disability.

99. Defendant and its employees, agents, and representatives were aware of the conduct to which Plaintiff was being subjected, but Defendant failed to take prompt remedial actions to address the hostile work environment.

100. The harassment to which Plaintiff was subjected was sufficiently severe or pervasive enough to alter the terms, conditions, and privileges of Plaintiff's employment and create a discriminatorily abusive working environment.

101. The harassment toward Plaintiff was severe or pervasive enough to cause Plaintiff to become anxious and dread going to work each day, knowing she would likely face discrimination, harassment, and beratement by her managers and/or supervisors. At all times relevant to this action, such harassment had occurred during Plaintiff's workdays and altered the terms, conditions, and privileges of Plaintiff's employment.

102. At all times material hereto, Defendant was liable for the conduct complained of herein, either directly or vicariously, where Plaintiff's managers and supervisors either knew of the harassment or themselves took part in the harassment, and no remedial or disciplinary actions were taken by Defendant.

103. All the examples of harassment, as described in part above, were perpetrated or condoned by Defendant's managers or supervisory employees who, at all times material hereto, had the ability and authority to materially affect, change, or alter the terms, conditions, and privileges of Plaintiff's employment.

104. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

105. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts

26

to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

27

Dated: July 13, 2026                    Respectfully submitted,

By: /s/ Peter Michael Hoogerwoerd
     Peter Michael Hoogerwoerd
     Florida Bar No. 188239
     pmh@rgph.law
     **REMER, GEORGES-PIERRE &**
     **HOOGERWOERD, PLLC**
     2745 Ponce de Leon Blvd
     Coral Gables, Florida 33134
     Telephone: (305) 416-5000

     *Counsel for Plaintiff*

28