**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DYAN LANE,

      Plaintiff,

v.

                                            Case No. 8:26-cv-01814

INSPIRED TITLE SERVICES, LLC,

      Defendant.

_____ /

## DEFENDANT'S ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendant, INSPIRED TITLE SERVICES, LLC ("Inspired Title"), denies all allegations in the introductory paragraph of the Complaint, specifically denies any violations of the Americans with Disabilities Act or the Florida Civil Rights Act, denies any wrongdoing as to Plaintiff, and answers the Complaint filed by Plaintiff, DYAN LANE ("Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff is seeking damages but denies any unlawful employment practices and denies Plaintiff is entitled to damages or any other relief. Defendant denies any remaining allegations in this paragraph.

2. Defendant admits the jurisdiction of the Court but denies the remaining allegations in this paragraph.

3.      Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") but denies all remaining allegations in this paragraph.

4.      Defendant is without sufficient information to admit or deny whether Plaintiff received a notice of right to sue and therefore denies those allegations; Defendant denies the remaining allegations in this paragraph.

5.      Defendant denies the allegations in this paragraph.

6.      Defendant admits venue is proper in this Court and that it does business in Hillsborough County, Florida but denies the remaining allegations in this paragraph.

## GENERAL ALLEGATIONS

7.      Defendant is without sufficient information to admit or deny Plaintiff's residency and therefore denies those allegations.  Defendant admits Plaintiff was its employee and that Plaintiff was assigned to work in Defendant's facility in Tampa. Defendant denies the remaining allegations in this paragraph.

8.      Defendant admits the allegations in this paragraph.

9.      Defendant states the Florida Civil Rights Act ("FCRA") speaks for itself and the allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits it has more than fifteen employees and denies the remaining allegations in this paragraph.

10.     Defendant states the Florida Civil Rights Act ("FCRA") speaks for itself and the allegations in this paragraph consist of legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

11.    Defendant admits Plaintiff seeks monetary and other relief but denies any basis in law or fact exists for any such relief. Defendant denies all remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

12.     Defendant denies the allegations in this paragraph.

13.    Defendant admits Plaintiff identifies as female and began working for Defendant around February 20, 2024, as a Senior Escrow Processor. Defendant denies any remaining allegations in this paragraph.

14.    Defendant admits it promoted Plaintiff to Senior Escrow Officer shortly after her employment with Defendant began. Defendant denies the remaining allegations in this paragraph.

15.    Defendant denies the allegations in this paragraph.

16.    Defendant denies the allegations in this paragraph.

17.    Defendant admits that Plaintiff took leave from work and asked to work remotely. Defendant denies the remaining allegations in this paragraph.

18.    Defendant admits Plaintiff sought to work remotely and was allowed to work remotely.  Defendant denies the remaining allegations in this paragraph.

19.    Defendant admits it placed Plaintiff on a performance improvement plan but denies all remaining allegations in this paragraph.

20.    Defendant denies the allegations in this paragraph.

21.    Defendant denies the allegations in this paragraph.

22.    Defendant denies the allegations in this paragraph.

23.    Defendant denies the allegations in this paragraph.

24.    Defendant denies the allegations in this paragraph.

25.    Defendant denies the allegations in this paragraph.

26.    Defendant denies the allegations in this paragraph.

27.    Defendant is without knowledge of Plaintiff's beliefs or expectations regarding the workplace. Defendant admits Plaintiff complained and admits it investigates and takes remedial action where appropriate but denies Plaintiff reported any illegal activity. Defendant denies engaging in any illegal activity and denies all remaining allegations in this paragraph.

28.    Defendant denies the allegations in this paragraph.

29.    Defendant states the FCRA speaks for itself and the allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant are without knowledge of Plaintiff's beliefs and denies the allegations in this paragraph.

30.    Defendant denies the allegations in this paragraph.

31.    Defendant states Plaintiff's EEOC charge speaks for itself. Defendant denies Plaintiff was harassed, discriminated against or experienced a hostile environment and denies all remaining allegations in this paragraph.

4

32. Defendant states the allegations in this paragraph constitute legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

36. Defendant denies the allegations in this paragraph.

37. Defendant denies the allegations in this paragraph.

38. Defendant denies the allegations in this paragraph.

**COUNT I**
**Disability Discrimination in Violation of the ADA and ADAAA**

39. Defendant re-adopt its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

40. Defendant denies the allegations in this paragraph.

41. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies the allegations in this paragraph.

44. Defendant denies the allegations in this paragraph.

45. Defendant denies the allegations in this paragraph.

46. Defendant denies the allegations in this paragraph.

47.     Defendant denies the allegations in this paragraph.

48.     Defendant denies the allegations in this paragraph.

49.     Defendant denies the allegations in this paragraph.

50.     Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 50 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (F).

## COUNT II
### Retaliation in Violation of the ADA and ADAAA

51.     Defendant re-adopts its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

52.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

53.     Defendant denies the allegations in this paragraph.

54.     Defendant denies the allegations in this paragraph.

55.     Defendant denies the allegations in this paragraph.

56.     Defendant denies the allegations in this paragraph.

57.     Defendant denies the allegations in this paragraph.

58.     Defendant denies the allegations in this paragraph.

59.     Defendant denies the allegations in this paragraph.

60. Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 60 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (G).

## COUNT III
## Failure to Accommodate in Violation of the ADA and ADAAA

61. Defendant re-adopts its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

62. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

63. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

64. Defendant denies the allegations in this paragraph.

65. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph

66. Defendant denies the allegations in this paragraph.

67. Defendant denies the allegations in this paragraph.

68. Defendant denies the allegations in this paragraph.

69.    Defendant denies the allegations in this paragraph.

70.    Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 70 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (F).

## COUNT IV
### Disability Discrimination in Violation of the FCRA

71.    Defendant re-adopts its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

72.    The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

73.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

74.    Defendant denies the allegations in this paragraph.

75.    Defendant denies the allegations in this paragraph.

76.    Defendant denies the allegations in this paragraph.

77.    Defendant denies the allegations in this paragraph.

78.    Defendant denies the allegations in this paragraph.

79.    Defendant denies the allegations in this paragraph.

80.    Defendant denies the allegations in this paragraph.

81.   Defendant denies the allegations in this paragraph.

82.   Defendant denies the allegations in this paragraph.

83.   Defendant denies the allegations in this paragraph.

84.   Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 84 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (F).

## COUNT V
## Retaliation in Violation of the FCRA

85.   Defendant re-adopts its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

86.   The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

87.   Defendant denies the allegations in this paragraph.

88.   Defendant denies the allegations in this paragraph.

89.   Defendant denies the allegations in this paragraph.

90.   Defendant denies the allegations in this paragraph.

91.   Defendant denies the allegations in this paragraph.

92.   Defendant denies the allegations in this paragraph.

93.   Defendant denies the allegations in this paragraph.

9

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 93 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (F).

## COUNT VI
## Hostile Work Environment in Violation of the FCRA

94.    Defendant re-adopts its answers to the allegations set forth in paragraphs 1-38 as if fully set out here.

95.    The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

96.    Defendant admits Plaintiff is a former employee of Inspired Title's and denies Plaintiff is a former employee of TMS's. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

97.    Defendant denies the allegations in this paragraph.

98.    Defendant denies the allegations in this paragraph.

99.    Defendant denies the allegations in this paragraph.

100.    Defendant denies the allegations in this paragraph.

101.    Defendant denies the allegations in this paragraph.

102.    Defendant denies the allegations in this paragraph.

10

103.    Defendant denies the allegations in this paragraph.

104.    Defendant denies the allegations in this paragraph.

105.     Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the paragraph commencing "WHEREFORE" following paragraph 105 of the Complaint and specifically denies Plaintiff is entitled to any relief against Defendant, including the relief requested in subparts (A) through (F).

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

11

## SECOND DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to discriminate or retaliate.

## THIRD DEFENSE

Actions taken by Defendant with regard to Plaintiff's employment were job-related and consistent with business necessity.

## FOURTH DEFENSE

Any improper, illegal, or retaliatory acts taken against Plaintiff by any employee(s) of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## FIFTH DEFENSE

Plaintiff is not a handicapped individual under Chapter 760, Florida Statutes.

## SIXTH DEFENSE

Plaintiff is not a qualified individual with a disability/handicap as interpreted under the ADA or the FCRA.

12

**SEVENTH DEFENSE**

Plaintiff was not a "qualified individual with a disability" as those terms have been defined and/or interpreted under the Americans with Disabilities Act and/or Chapter 760, Florida Statutes.

**EIGHTH DEFENSE**

Plaintiff could not be reasonably accommodated within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112, and/or Chapter 760, Florida Statutes.

**NINTH DEFENSE**

Defendant exercised reasonable care to prohibit, prevent and correct promptly harassing and/or retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting harassing and/or retaliatory or unlawful behavior, and a procedure by which its respective employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged harassing and/or retaliatory or unlawful behavior. To the extent Plaintiff alleges harassing and/or retaliatory or unlawful behavior, Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of their employees committed outside the scope of employment.

## TENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

## ELEVENTH DEFENSE

To the extent Plaintiff's cause of action, claim and item of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

## TWELFTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts which exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.

## SIXTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands must be set off against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

## SEVENTEENTH DEFENSE

To the extent Plaintiff failed to satisfy all conditions precedent prior to filing this action, the Complaint and alleged damages are barred and/or limited in whole or in part.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff's damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act, Plaintiff's damages as alleged in the Complaint are barred or must be reduced pursuant to the doctrine of avoidable consequences.

## NINETEENTH DEFENSE

Plaintiff is barred from any injunctive relief, including reinstatement, sought because Plaintiff has adequate remedies at law.

## TWENTIETH DEFENSE

Though Defendant denies Plaintiff is entitled to any damages or other relief, Defendant assert the damages caps applicable to ADA/ADAAA claims for employers with fewer than 100 employees and assert the damages caps under the FCRA. Any recovery by Plaintiff must be subject to said damages caps and such damages must not be "stacked."

WHEREFORE, Defendant pray that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated:  July 27, 2026.                    Respectfully submitted,

*/s/ Lara J. Peppard*
Lara J. Peppard; FBN: 520055
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 N Tampa Street, Suite 3600
Tampa, FL 33602
T: 813.289.1247; F: 813.289.6530
lara.peppard@ogletreedeakins.com

*Attorneys for Defendant*

16